Barbara A. Blackburn, Bar No. 253731
bblackburn@littler.com
**LITTLER MENDELSON P.C.**
500 Capitol Mall
Suite 2000
Sacramento, California 95814
Telephone: 916.830.7200
Fax No.: 916.561.0828

Hovannes G. Nalbandyan, Bar No. 300364
hnalbandyan@littler.com
**LITTLER MENDELSON P.C.**
633 West 5th Street, 63rd Floor
Los Angeles, California 90071
Telephone: 213.443.4300
Fax No.: 213.443.4299

Attorneys for Defendant
AMERICOLD LOGISTICS, LLC

[*Additional Counsel Listed on Next Page*]

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAFAEL RODRIGUEZ, on behalf of himself and all others similarly situated, and the general public,<br><br>*Plaintiff,*<br><br>v.<br><br>AMERICOLD LOGISTICS, LLC, a Delaware limited liability company; and DOES 1 through 50, inclusive,<br><br>*Defendants.* | Case No. 2:24-cv-03129-WBS-SCR<br><br>[*Assigned to District Judge, William B. Shubb*]<br><br>**STIPULATED PROTECTIVE ORDER**<br><br>[Stanislaus County Superior Court, Case No. CV-24-007870]<br><br>Complaint Filed: September 30, 2024<br>Removal Date: November 8, 2024<br>FAC Filed: December 11, 2024<br>Trial Date: None Set |

4871-3284-7351.1 / 100143-1041

1.

Error! Unknown document property name.
Error! Unknown document property name.

**D.LAW, INC.**
David Yeremian (SBN 226337)
d.yeremian@d.law
David Keledjian (SBN 309135)
d.keledjian@d.law
David Arakelyan (SBN 337076)
d.arakelyan@d.law
880 E Broadway
Glendale, CA 91205
Telephone: (818) 962-6465
Facsimile:  (818) 962-6469

Attorneys for Plaintiff RAFAEL RODRIGUEZ
on behalf of himself and all others similarly
situated, and the general public

LITTLER MENDELSON
P.C.
633 Wes 5th Street
63rd Floor
Los Angeles, CA  90071
213.443.4300

2
**STIPULATED PROTECTIVE ORDER**

Error! Unknown document property name.

**IT IS HEREBY STIPULATED** by and between Plaintiff RAFAEL RODRIGUEZ, on behalf of himself, the State of California, as a private attorney general, and on behalf of all others similarly situated (collectively, "Plaintiff") and Defendant AMERICOLD LOGISTICS, LLC ("Defendant") by and through their respective counsel of record, that in order to facilitate the exchange of sensitive data, information, and documents related to the putative class, which may be subject to confidentiality limitations on disclosure due to state laws, federal laws, and privacy rights, the Parties stipulate as follows:

## I.      PURPOSES AND LIMITATIONS

This matter will involve the production of confidential, proprietary, or private class data and information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order.  The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles.  The parties further acknowledge, as set forth in Section XIII(C), below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 141 (Fed. R. Civ. P. 5.2, 26) (Fed. R. Crim. P. 49, 49.1) sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the Court to file material under seal.

## II.     GOOD CAUSE STATEMENT

This Action will involve the production of class information, data, and other pay and time data, and technical and/or other confidential and proprietary information for which special protection from public disclosure and from use for any purpose other than prosecution of this action is warranted.  Such confidential and proprietary materials and information consist of, among other things, personal contact and private information

LITTLER MENDELSON
P.C.
633 Wes 5th Street
63rd Floor
Los Angeles, CA  90071
213.443.4300

3
**STIPULATED PROTECTIVE ORDER**

Error! Unknown document property name.

pertaining to Defendant's employees, including without limitation contact and other personally identifiable information, for which the Parties or any third party have a duty to maintain confidentiality, information otherwise generally unavailable to the public, or which may be privileged or otherwise protected from disclosure under state or federal statutes, court rules, case decisions, or common law. Accordingly, to expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the parties are entitled to keep confidential, to ensure that the Parties are permitted reasonable necessary uses of such material in preparation for and in the conduct of attending mediation or trial, to address their handling at the end of the litigation, and serve the ends of justice, a protective order for such information is justified in this matter. It is the intent of the Parties that information will not be designated as confidential for tactical reasons and that nothing be so designated without a good faith belief that it has been maintained in a confidential, non-public manner, and there is good cause why it should not be part of the public record of this case.

### III.  DEFINITIONS

In this Stipulated Protective Order, the words set forth below shall have the following meanings:

A.  Action:  The above-entitled pending federal lawsuit, *RAFAEL RODRIGUEZ, et al. v. AMERICOLD LOGISTICS, LLC, et al*, United States District Court, Eastern District of California, Case No. 2:24-cv-03129-WBS-SCR (originally filed in Stanislaus County Superior Court, Case No. CV-24-007870).

B.  Challenging Party:  A Party or Non-Party that challenges the designation of information or items under this Order.

C.  "CONFIDENTIAL" Information or Items:  Information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c), and as specified above in the Good Cause Statement. Further, Confidential Information is information for which disclosure is

likely to have the effect of causing harm to either Party, or person from whom the information was obtained, or to the Parties' or third parties' privacy. Confidential Information also includes private information pertaining to Defendant's employees, including without limitation contact and other personally identifiable information, for which the Parties or any third party have a duty to maintain confidentiality.

  D. <u>Counsel (without qualifier)</u>:  Outside Counsel of Record and In-House Counsel (as well as their support staff).

  E. <u>Designating Party</u>:  A Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL."

  F. <u>Disclosure or Discovery Material</u>:  All items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other class lists, documents, data [including electronically stored information], things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

  G. <u>Expert</u>:  A person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this Action.

  H. <u>In-House Counsel</u>:  Attorneys who are employees of a party to this Action. In-House Counsel does not include Outside Counsel of Record or any other outside counsel.

  I. <u>Non-Party</u>:  Any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

  J. <u>Outside Counsel of Record</u>:  Attorneys who are not employees of a party to this Action but are retained to represent or advise a party to this Action and have appeared in this Action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party, and includes support staff.

  K. <u>Party</u>:  Any party to this Action, including all of its officers, directors,

5
**STIPULATED PROTECTIVE ORDER**
Error! Unknown document property name.

LITTLER MENDELSON P.C.
633 Wes 5th Street
63rd Floor
Los Angeles, CA  90071
213.443.4300

employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

L. <u>Producing Party</u>:  A Party or Non-Party that produces Disclosure or Discovery Material in this Action.

M. <u>Professional Vendors</u>:  Persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors, and any Settlement Administrator designated by the Court.

N. <u>Protected Material</u>:  Any Disclosure or Discovery Material that is designated as "CONFIDENTIAL."

O. <u>Receiving Party</u>:  A Party or Professional Vendor that receives Disclosure or CONFIDENTIAL Information from a Producing Party.

P. <u>Highly Confidential:</u> means a Party that in good faith believes any particular Protected Material is sufficiently sensitive or of a nature that its disclosure would unfairly or unnecessarily reveal competitive information to a plaintiff or defendant, or to a director, officer, or employee thereof, may designate that Protected Material as "Highly Confidential."  Information which is designated "Highly Confidential" shall be used by the parties to this action solely for the purposes of preparing for and conducting this action (including appeals) and not for any business, competitive, governmental, research, development, or other purpose whatsoever.

Q. <u>Document or Documents:</u> means (i) any "Writing," "Original," and "Duplicate" as those terms are defined by California Evidence Code Sections 250, 255, and 260, which have been produced in discovery in this Proceeding by any person or entity, and (ii) any copies, reproductions, or summaries of all or any part of the foregoing. All items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other class lists, documents, data [including electronically stored information], things, testimony, transcripts, and

LITTLER MENDELSON P.C.
633 Wes 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

6
**STIPULATED PROTECTIVE ORDER**
Error! Unknown document property name.

tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

## IV. SCOPE

A. The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material.

B. Any use of Protected Material at trial shall be governed by the orders of the trial judge. This Order does not govern the use of Protected Material at trial.

## V. DURATION

A. Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this Action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, re-hearings, remands, trials, or reviews of this Action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

## VI. DESIGNATING PROTECTED MATERIAL

### A. Exercise of Restraint and Care in Designating Material for Protection

1. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. The Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

2. Mass, indiscriminate, or routinized designations are prohibited.

LITTLER MENDELSON P.C.
633 Wes 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

7
STIPULATED PROTECTIVE ORDER
Error! Unknown document property name.

1  Designations that are shown to be clearly unjustified or that have been made for an
2  improper purpose (e.g., to unnecessarily encumber the case development process or to
3  impose unnecessary expenses and burdens on other parties) may expose the Designating
4  Party to sanctions.

5       3.    If it comes to a Designating Party's attention that information or items that
6  it designated for protection do not qualify for protection, that Designating Party must
7  promptly notify all other Parties that it is withdrawing the inapplicable designation.

8      **B.**    **Manner and Timing of Designations**

9       1.    Except as otherwise provided in this Order (*see, e.g.*, Section B(2)(b)
10  below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that
11  qualifies for protection under this Order must be clearly so designated before the
12  material is disclosed or produced.

13       2.    Designation in conformity with this Order requires the following:

14          a.    For information in documentary form (e.g., paper or electronic
15  documents, but excluding transcripts of depositions or other pretrial or trial
16  proceedings), that the Producing Party affix at a minimum, the legend
17  "CONFIDENTIAL" (hereinafter "CONFIDENTIAL legend"), to each page that
18  contains protected material.  If only a portion or portions of the material on a page
19  qualifies for protection, the Producing Party also must clearly identify the
20  protected portion(s) (e.g., by making appropriate markings in the margins).

21          b.    A Party or Non-Party that makes original documents available for
22  inspection need not designate them for protection until after the inspecting Party
23  has indicated which documents it would like copied and produced.  During the
24  inspection and before the designation, all of the material made available for
25  inspection shall be deemed "CONFIDENTIAL."  After the inspecting Party has
26  identified the documents it wants copied and produced, the Producing Party must
27  determine which documents, or portions thereof, qualify for protection under this
28  Order.  Then, before producing the specified documents, the Producing Party

LITTLER MENDELSON P.C.
633 Wes 5th Street
63rd Floor
Los Angeles, CA  90071
213.443.4300

8
**STIPULATED PROTECTIVE ORDER**
Error! Unknown document property name.

must affix the "CONFIDENTIAL legend" to each page that contains Protected Material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

   c. For testimony given in depositions, that the Designating Party identify the Disclosure or Discovery Material on the record, before the close of the deposition all protected testimony.

   d. For information produced in form other than document and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information is stored the legend "CONFIDENTIAL." If only a portion or portions of the information warrants protection, the Producing Party, to the extent practicable, shall identify the protected portion(s). Such information and material shall be used only for the purpose of the class settlement in this lawsuit, and shall not be used for any other purpose and shall not be disseminated to any third party, other than the Professional Vendor, under any circumstances. Unless and until the Court rules to the contrary or the Designating Party agrees otherwise, any use, disclosure, or access to confidential material related primarily to the settlement or prosecution of class allegations shall cease immediately upon the dismissal of class allegations or the Final Approval of class settlement, whichever occurs first.

  3. Protected Materials shall be used by the persons receiving them only for the purposes of preparing for, conducting, participating in the conduct of, and/or prosecuting and/or defending the Action, and not for any business or other purpose whatsoever. Some material designated as "CONFIDENTIAL," such as putative class member names and contact information, including but not limited to last known physical addresses, telephone numbers, e-mails, and other information that may only be produced or disclosed by the Designating Party for purposes related to the prosecution of this case as a class action. Such Protected Material shall be used only for the purpose

LITTLER MENDELSON
P.C.
633 Wes 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

of class discovery in this lawsuit and shall not be used for any other purpose and shall not be disseminated to any third party, other than the Third-Party Class Action Settlement Administrator or a Professional Vendor bound to the terms of this stipulated protective order, under any circumstances. Accordingly, Plaintiff and his counsel agree to not use putative class member contact information designated as CONFIDENTIAL for the purposes of affirmatively soliciting new clients to initiate other lawsuits. This requirement does not prohibit Plaintiff and his counsel from using the putative class member information to contact putative class members for the purpose of serving as witnesses who can corroborate the allegations in the Action and/or provide written declarations regarding the facts of this Action. Additionally, in the event that a putative class member seeks legal advice or representation from Plaintiff's counsel, this agreement will not prohibit Plaintiff's counsel from providing legal advice or representation to that individual regarding any matter, in compliance with all applicable California Rules of Professional Conduct, including but not limited to California Rule of Professional Conduct 5.6. Unless and until the Court rules to the contrary or the Designating Party agrees otherwise, any use, disclosure, or access to confidential material related primarily to the prosecution of class allegations shall cease immediately upon the dismissal of class allegations or the denial of class certification, whichever occurs first.

### C.   Inadvertent Failure to Designate

If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

## VII.   CHALLENGING CONFIDENTIALITY DESIGNATIONS

### A.   Timing of Challenges

Any party or Non-Party may challenge a designation of confidentiality at

any time that is consistent with the Court's Scheduling Order.

### B.  Meet and Confer

In the event that counsel for a Party receiving Documents, Testimony or Information in discovery designated as "CONFIDENTIAL" objects to such designation with respect to any or all of such items, said counsel shall advise counsel for the Designating Party, in writing, of such objections, the specific Documents, Testimony or Information to which each objection pertains, and the specific reasons and support for such objections (the "Designation Objections"). Counsel for the Designating Party shall have thirty (30) days from receipt of the written Designation Objections to either (a) agree in writing to de-designate Documents, Testimony, or Information pursuant to any or all of the Designation Objections and/or (b) file a motion with the Court seeking to uphold any or all designations on Documents, Testimony or Information addressed by the Designation Objections (the "Designation Motion"). Pending a resolution of the Designation Motion by the Court, any and all existing designations on the Documents, Testimony, or Information at issue in such Motion shall remain in place.

### C.  Burden of Persuasion

1.  The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions. Unless the Designating Party has waived or withdrawn the confidentiality designation, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

## VIII.  ACCESS TO AND USE OF PROTECTED MATERIAL

### A.  Basic Principles

1.  A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this Action only for prosecuting, defending, or attempting to settle this Action. Such Protected Material

may be disclosed only to the categories of persons and under the conditions described in this Order. When the Action has been terminated, a Receiving Party must comply with the provisions of Section XIV below.

2. Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

**B.     Disclosure of "CONFIDENTIAL" Information or Items**

1. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

a. The Receiving Party's Outside Counsel of Record in this Action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this Action;

b. The officers, directors, and employees (including In-House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this Action;

c. Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (**Exhibit A**);

d. The Court and its personnel;

e. Court reporters and their staff;

f. Professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary or this Action and who have signed the "Acknowledgment and Agreement to be Bound" attached as **Exhibit A** hereto;

g. The author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

h. During their depositions, witnesses, and attorneys for witnesses, in

Error! Unknown document property name.

LITTLER MENDELSON
P.C.
633 Wes 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

the Action to whom disclosure is reasonably necessary provided: (i) the deposing party requests that the witness sign the "Acknowledgment and Agreement to Be Bound;" and (ii) they will not be permitted to keep any confidential information unless they sign the "Acknowledgment and Agreement to Be Bound," unless otherwise agreed by the Designating Party or ordered by the Court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material may be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order; and

  i. Any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the parties engaged in settlement discussions.

  j. Any Administrator selected by the Parties to administer any notice to class members.

  k. Any other person that the Designating Party agrees to in writing.

### IX. PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

A. If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this Action as "CONFIDENTIAL," that Party must:

  1. Promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

  2. Promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

  3. Cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

B. If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" before a determination by the Court from which the

subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another court.

## X. A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION

A. The terms of this Order are applicable to information produced by a Non-Party in this Action and designated as "CONFIDENTIAL." Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

B. In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

   1. Promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

   2. Promptly provide the Non-Party with a copy of the Stipulated Protective Order in this Action, the relevant discovery request(s), and a reasonably specific description of the information requested; and

   3. Make the information requested available for inspection by the Non-Party, if requested.

C. If the Non-Party fails to seek a protective order from this court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce

any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court. Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

## XI. UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (1) notify in writing the Designating Party of the unauthorized disclosures, (2) use its best efforts to retrieve all unauthorized copies of the Protected Material, (3) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (4) request such person or persons to execute the "Acknowledgment and Agreement to be Bound" that is attached hereto as **Exhibit A.**

## XII. INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review. Pursuant to Federal Rule of Evidence 502(d) and (e), insofar as the parties reach an agreement on the effect of disclosure of a communication or information covered by the attorney-client privilege or work product protection, the parties may incorporate their agreement in the Stipulated Protective Order submitted to the Court.

## XIII. MISCELLANEOUS

### A. Right to Further Relief

Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

LITTLER MENDELSON P.C.
633 Wes 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

15
**STIPULATED PROTECTIVE ORDER**
Error! Unknown document property name.

### B. Right to Assert Other Objections

By stipulating to the entry of this Protective Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

### C. Filing Protected Material

A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 141. Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue. If a Party's request to file Protected Material under seal is denied by the Court, then the Receiving Party may file the information in the public record unless otherwise instructed by the Court. A party submitting Protected Materials or information derived from Protected Materials to the Court in connection with discovery motions and proceedings must separately file these with the clerk of the Court in an envelope marked: "CONFIDENTIAL – FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER AND WITHOUT ANY FURTHER SEALING ORDER REQUIRED."

### D. Modification of the Protective Order by the Court

In the event that the Court modifies this Stipulation and Protective Order, or in the event that the Court enters a different Protective Order, the Parties agree to be bound by this Stipulation and Protective Order until such time as the Court may enter such a different Order. It is the Parties' intent to be bound by the terms of this Stipulation and Protective Order pending its entry so as to allow for immediate production of Confidential Materials under the terms herein.

### E. Data Security Provision.

Any person in possession of another party's Protected Material shall engage in efforts to protect the security and confidentiality of such information, protect against any reasonably anticipated threats or hazards to the security of such Protected Materials,

LITTLER MENDELSON P.C.
633 Wes 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

16
**STIPULATED PROTECTIVE ORDER**
Error! Unknown document property name.

and protect against unauthorized access to or use of such information. If the receiving party discovers a breach of security, including any actual or suspected unauthorized access, relating to another party's Protected Materials the receiving party shall: (1) promptly provide written notice to producing party of such breach; (2) investigate and take reasonable efforts to remediate the effects of the breach, and provide producing party with assurances reasonably satisfactory to producing party that such breach shall not recur; and (3) provide sufficient information about the breach that the producing party can reasonably ascertain the size and scope of the breach. If required by any judicial or governmental request, requirement or order to disclose such information, the receiving party shall take all reasonable steps to give the producing party sufficient prior notice in order to contest such request, requirement or order through legal means. The receiving party agrees to cooperate with the producing party or law enforcement in investigating any such security incident. In any event, the receiving party shall promptly take all necessary and appropriate corrective action to terminate the unauthorized access.

## XIV. FINAL DISPOSITION

   A.   After the final disposition of this Action, as defined in Section V, within sixty (60) days of a written request by the Designating Party, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60 day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an

LITTLER MENDELSON P.C.
633 Wes 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

17
**STIPULATED PROTECTIVE ORDER**
Error! Unknown document property name.

archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section V.

B. Any violation of this Order may be punished by any and all appropriate measures including, without limitation, contempt proceedings and/or monetary sanctions.

**IT IS SO STIPULATED AND AGREED.**

DATED: February 7, 2025     **D.LAW, INC.**

By: /s/ *David Arakelyan*
David Yeremian
David Keledjian
David Arakelyan

Attorneys for Plaintiff,
RAFAEL RODRIGUEZ on behalf of himself and all others similarly situated, and the general public

DATED: February 7, 2025     **LITTLER MENDELSON, P.C.**

By: /s/ *Hovannes G. Nalbandyan*
Barbara Blackburn
Hovannes G. Nalbandyan

Attorneys for Defendant
AMERICOLD LOGISTICS, LLC

**FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.**

DATED: February 28, 2025

SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE

18
**STIPULATED PROTECTIVE ORDER**
Error! Unknown document property name.

# **EXHIBIT A**

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND BY ORDER

I, _____ [print or type full name], of _____ _____[print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order ("Order") that was issued by the United States District Court for the Eastern District of California on or after February 7, 2025 in the case of *RAFAEL RODRIGUEZ, et al. v. AMERICOLD LOGISTICS, LLC, et al,* United States District Court, Eastern District of California, Case No. 2:24-cv-03129-WBS-SCR (originally filed in Stanislaus County Superior Court, Case No. CV-24-007870).

I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. A copy of the Order has been provided to me. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Eastern District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action. I hereby appoint myself as the California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

I declare under penalty of perjury that the foregoing is true and correct.

**Date:** _____

**City and State where sworn and signed:** _____

**Printed Name:** _____

**Signature:** _____

LITTLER MENDELSON P.C.
633 Wes 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

19
**STIPULATED PROTECTIVE ORDER**
Error! Unknown document property name.

## SIGNATURE ATTESTATION

Pursuant to L.R. 131, the undersigned hereby attests that all signatories listed above, and on whose behalf this STIPULATED PROTECTIVE ORDER is submitted, concur in and have authorized the filing of this protective order.

Dated: February 7, 2025         /s/ *Hovannes G. Nalbandyan*
                                Hovannes G. Nalbandyan

## CERTIFICATE OF SERVICE

I hereby certify that I instructed my assistant to electronically file the foregoing document with the Clerk of the Court for the United States District Court, Eastern District of California, by using the Court's CM/ECF system.

I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the Court's CM/ECF system.

Dated: February 7, 2025         /s/ *Hovannes G. Nalbandyan*
                                Hovannes G. Nalbandyan

LITTLER MENDELSON
P.C.
633 Wes 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

20
**STIPULATED PROTECTIVE ORDER**

**Error! Unknown document property name.**